IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOUGLAS MIHALIK,
      Plaintiff,

vs.                                   Case No. 3:10cv67/LAC/EMT

EXPRESSJET AIRLINES d/b/a
CONTINENTAL EXPRESS
and GEORGE SEMAK,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

     Plaintiff, proceeding pro se, initiated this action by filing a civil complaint (Doc. 1). Plaintiff paid the filing fee.

     In his complaint, Plaintiff alleges Defendants knowingly made false material declarations and submitted other false and misleading information to deceive the court in Mihalik v. Expressjet Airlines d/b/a Continental Express, Case No. 3:04cv258/RV/EMT, an employment discrimination case filed by Plaintiff in this court, which resulted in the grant of summary judgment in favor of Expressjet Airlines on March 21, 2006 (*see* Doc. 1). Plaintiff claims that Defendants' conduct violated his Fourteenth Amendment rights to due process and a trial by jury (*id.* at 2). As relief, he seeks "lost pay, earned benefits denied, restoration of all benefits associated with employment, health, or retirement; statutory liquidated damages, reinstatement or front pay (i.e. loss of future earnings), nominal damages, interest, including pre-judgment interest; attorney's fees; costs; and any other relief to which Plaintiff may be entitled" (*id.* at 11).

     A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. *See* Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. *Id.* A district court may address its lack of subject matter

jurisdiction in two ways: the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to Plaintiff, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. *See* Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists. *Id.* at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 2d 951 (1942)).

A plaintiff properly invokes federal question jurisdiction under 28 U.S.C. § 1331 when he pleads a colorable claim "arising under" the Constitution or laws of the United States. *See* Arbaugh, 546 U.S. at 513 (citing Bell v. Hood, 327 U.S. 678, 681–85, 66 S. Ct. 773, 90 L. Ed. 939 (1946)). A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 may be dismissed for want of subject-matter jurisdiction if it is not colorable, that is, if it is "wholly insubstantial and frivolous." *See* Arbaugh, 546 U.S. at 513 n.10 (internal quotation marks and citations omitted); Wyke v. Polk County School Bd., 129 F.3d 560, 566 (11th Cir. 1997); *see also* Baker v. Carr, 369 U.S. 186, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous). In Hagans v. Lavine, the Supreme Court noted: "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion.'" 415 U.S. 528, 536–37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974) (citations omitted). While emphasizing that this insubstantiality threshold is a difficult one to meet, the Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination." *Id.* at 538. A claim is "insubstantial" and may be dismissed if it "has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998) (quotation marks omitted). "The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover. Rather, the test is whether the cause of action alleged is so patently without merit as to justify the court's dismissal for want of jurisdiction."

McGinnis v. Ingram Equip. Co., Inc., 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc) (quotation marks and ellipsis omitted).

In the instant case, Plaintiff invokes subject-matter jurisdiction under 28 U.S.C. § 1331, claiming that Defendants violated his rights to due process and a fair trial under the Fourteenth Amendment (*see* Doc. 1 at 2). Under 42 U.S.C. § 1983, a plaintiff may sue a person who, while acting under color of state law, deprived him of a constitutional right. 42 U.S.C. § 1983; Collier v. Dickinson, 477 F.3d 1306, 1307 (11th Cir. 2007). However, to recover under Section 1983, a plaintiff must show that the person who engaged in the allegedly unconstitutional conduct was acting under color of state law. *See* 42 U.S.C. § 1983; Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the States or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000). This is a jurisdictional prerequisite. Nail v. Community Action Agency of Calhoun County, 805 F.2d 1500, 1501 (11th Cir. 1986). If the court concludes there is no state action, Plaintiff's complaint must be dismissed. Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001).

Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes. Rayburn, 241 F.3d at 1347. To hold that private parties are state actors, the court must conclude that one of the following conditions is met: (1) the state coerced or at least significantly encouraged the action alleged to violate the Constitution (state compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state (public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test). *Id.*

In the instant case, from the face of the complaint it is clear that Plaintiff's claims are frivolous. There was no state action involved in Expressjet Airlines and Mr. Semak's defending the employment discrimination lawsuit filed by Plaintiff. Therefore, Plaintiff's allegations provide no basis for a Fourteenth Amendment claim under § 1983 and are too insubstantial to raise a federal question. Accordingly, Plaintiff's complaint must be dismissed for lack of jurisdiction. *See, e.g.*,

Austin v. City of Montgomery, No. 09-12558, 2009 WL 3807150, at *2 (11th Cir. 2009) (affirming dismissal of § 1983 action for lack of jurisdiction where plaintiff alleged deprivation of rights under Alabama Constitution, deprivation of due process and equal protection rights, deprivation of civil rights under § 1983, and deprivation of rights against "abuse of process" and "abuse of discretion," but claims were "wholly without merit and too insubstantial to raise a federal question") (unpublished).[1]

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED** for lack of jurisdiction and the clerk be directed to close the file.

At Pensacola, Florida <u>4th</u> day of March 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE TO THE PARTIES</u>**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[1] The undersigned cites <u>Austin v. City of Montgomery</u> only as persuasive authority and recognizes that the opinion is not considered binding precedent.  *See* 11th Cir. R. 36-2.

Case No.: 3:10cv67/LAC/EMT